MEMORANDUM *
A jury found that Defendant Pacific Foods of Oregon, Inc., had willfully misappropriated Plaintiff Sunrich Food Group, Inc.’s, trade secrets. The district court exercised its discretion to award fees to Plaintiff under the Oregon Uniform Trade Secrets Act. Defendant did not appeal the imposition of fees, but Plaintiff appealed the amount. Defendant appealed with respect to other issues in the case.
On appeal of the fee issue, we considered the “Reduction of Claimed Attorneys’ Fees” and held that the district court had erroneously concluded that it could award fees only for work relating to the trade secrets claim. Sunrich Food Group, Inc. v. Pac. Food of Or., 207 Fed.Appx. 745, 750-52 (9th Cir.2006) (unpublished decision). We explained that, under Oregon law, apportionment among claims is not required if the fee and non-fee claims involve common legal or factual issues because, when such issues are intertwined, the amount of fees would be roughly the same. Id. at 751.
We therefore must remand for a new determination of attorneys’ fees applying the correct legal standard. This is not to say that, on remand, the district court is required to accept Sunrich’s characterization of any individual entry as being related to or overlapping with the trade secret claim. The district court may, of course, evaluate the entries and find that some of them do not fit within the claimed apportionment exceptions.

Id.

In addition, the district court was instructed that it could reduce the amount of *520 fees claimed because of “generalized time entries, multiple attorney conferences, clerical or paralegal work performed by attorneys and duplication of effort,” in response to Defendant’s specific objections, but only if the court explained the reasoning behind its decision to sustain any such objection and the method by which the court calibrated reductions for such reasons. Id.
On remand, the district court decided, instead, to deny fees altogether. In doing so, the court failed to implement the letter and spirit of the mandate, Vizcaino v. U.S. Dist. Court, 173 F.3d 713, 719 (9th Cir. 1999), especially because entitlement to fees was not questioned in the earlier appeal and because our previous disposition clearly implied that the district court’s original decision to award fees was proper. Indeed, we suggested that a reduction of the amount claimed had been inadequately supported. We instructed the court to recalculate the amount of fees to correct its legal error about the scope of a permissible award and to explain its reasoning for reaching a specific amount in enough detail to permit meaningful appellate review. The court did neither.
Accordingly, we must reverse the court’s order on remand regarding attorney fees, and we again instruct the district court to recalculate the amount of fees pursuant to our original instructions.
Any further appeals shall be assigned to this panel.
REVERSED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.